**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN PERAZZO, | : |
| Plaintiff | : CIVIL ACTION NO. 3:11-1505 |
| v. | : (MUNLEY, D.J.) |
| | (MANNION, M.J.) |
| C.O. 4 JON FISHER, CAPTAIN MYERS, ZIMMERMAN, Counselor, HANNA, Deputy, WHITESEL, Deputy, BAZER, Program Manager, and CHARLES MITCHEL, Hearing Examiner, | : |
| Defendants | : |
| | : |

## REPORT AND RECOMMENDATION

On August 15, 2011, the plaintiff, an inmate at the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). A proper prisoner authorization, (Doc. No. 6), and application to proceed *in forma pauperis*, (Doc. No. 7), were filed on August 25, 2011. As a result, a financial administrative order was forwarded to the Superintendent/Warden at SCI-Smithfield. (Doc. No. 8). Upon review of the plaintiff's action, it is recommended that the same be dismissed for the plaintiff's failure to exhaust administrative remedies prior to initiating the instant action.

The Prison Litigation Reform Act of 1995, ("PLRA"), "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." See 42 U.S.C. §1997(e)(a);

Jones v. Bock, 549 U.S. 199 (2007). Section 1997(e) provides, in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prison confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In considering §1997(e), the Supreme Court has made clear that all prisoners must exhaust their administrative remedies as to any claim that arises in the prison setting, regardless of the kind of relief which is sought. See Porter v. Nussle, 534 U.S. 516, 532 (2002). See also Booth v. Churner, 532 U.S. 731, 742 n.6 (2001). Courts cannot excuse compliance with the exhaustion requirement of §1997(e). Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000). see also Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004).

While the exhaustion requirement is an affirmative defense that must be pleaded and proven by the defendants, Jones, 549 U.S. at 216, and a prisoner need not allege that he has exhausted his administrative remedies, Id., the court may *sua sponte* dismiss an action where failure to exhaust is abundantly clear on the face of the complaint. McPherson v. U.S., 392 Fed.Appx. 938 (3d Cir. 2010)[1].

The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71. Moreover, the PLRA

---

[1] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.


mandates that inmates "properly" exhaust their claims before filing suit in the federal courts. Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Here, the plaintiff admits on the face of his complaint that he did not exhaust his administrative remedies prior to bringing the instant action claiming that he feels the matters which he raises therein are urgent. Regardless, the PLRA requires exhaustion prior to the initiation of the plaintiff's claims in federal court and the court cannot excuse compliance with those requirements. See Jones v. Lorady, 2011 WL 2461982 (M.D.Pa.) (Kosik, J.) (dismissing prisoner complaint *sua sponte* for failure to exhaust administrative remedies prior to initiating federal action); Ferri v. Pa. Dep't of Corrections, 2010 WL 3701386 (M.D.Pa.) (McClure, J.) (same).

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the plaintiff's complaint be **DISMISSED** for his failure to exhaust administrative remedies pursuant to 42 U.S.C. §1997(e) prior to initiating the instant action.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United State Magistrate Judge**

**Date:  November 1, 2011**

O:\shared\REPORTS\2011 Reports\11-1505-01.wpd