# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PERAZZO, | : | No. 3:11cv1505 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| JON FISHER, Superintendent | : | |
| SCI-Smithfield; CAPTAIN | : | |
| MYERS; Mr. ZIMMERMAN, | : | |
| Counselor; Mrs. HANNA, Deputy; | : | |
| Mr. WHITESEL, Deputy; | : | |
| Mrs. BAZER, Program Manager; | : | |
| CHARLES MITCHELL, Hearing | : | |
| Examiner, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the report and recommendation of Magistrate Judge Malachy E. Mannion, which proposes the dismissal of the instant case for failure to exhaust administrative remedies. Plaintiff John Perazzo has filed objections to the report and recommendation, bringing the case to its present posture.

**Background**

Plaintiff is a prisoner confined at the State Correctional Institution at Smithfield ("SCI-Smithfield"). On August 15, 2011, he instituted the instant *pro se* prisoner civil rights case. (Doc. 1, Compl.). The complaint appears to challenge petitioner's continued placement in administrative custody/protective custody at the prison. It also asserts issues involving mailing correspondence from the prison and retaliation plaintiff allegedly suffers for writing a letter to United States President. (Id.)

The case was assigned to Magistrate Judge Mannion for pretrial proceedings. Magistrate Judge Mannion performed an initial review of the complaint and suggests that it be dismissed for failure to exhaust administrative remedies. (Doc. 14, Report and Recommendation). On November 15, 2011, plaintiff filed a document that we deem to be objections to the report and recommendation. (Doc. 15). For the reasons that follow, the report and recommendation will be adopted and this case will be dismissed.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations[1] we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

---

[1] Plaintiff's complaint indicates that this case is brought against federal officials under 28 U.S.C. § 1331. He, however, sues state officials and the proper statute to sue under is 42 U.S.C. § 1983.

**Discussion**

The law provides that a court shall screen/review complaints by prisoners who seek relief in a civil action from a government entity, officer, or employee. See 28 U.S.C. § 1915A(a). Upon such review, if a compliant is frivolous, malicious, or fails to state a claim upon which relief may be granted, the court shall dismiss it. See 28 U.S.C. § 1915A(b)(1).

The law further provides that a prisoner must exhaust available administrative remedies before bringing a civil rights action under section 1983. See 42 U.S.C. § 1997e(a). Thus, a failure to exhaust is a bar to suit. Where a prisoner's complaint facially concedes the existence of a bar to suit, a court has inherent power to dismiss the complaint *sua sponte*. See Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002), see also Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (*sua sponte* dismissal affirmed where prisoner plaintiff conceded that he did not exhaust administrative remedies). In the instant case, plaintiff concedes that he did not exhaust his administrative remedies. (Doc. 1, Compl. ¶ IIC. (indicating that the grievance process is not complete but at the "last stage")). Accordingly, *sua sponte* dismissal of this action is appropriate, and the report and recommendation will be adopted.[2] An approrpriate order follows.

---

[2] Plaintiff's objections to the report and recommendation do not address the exhaustion issue raised in the report and recommendation. The objections merely ask the court to review several attachments which plaintiff claims establish a violation of his constitutional rights. (Doc. 15, Objections).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN PERAZZO,** | : | No. 3:11cv1505 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| **JON FISHER, Superintendent SCI-Smithefield; CAPTAIN MYERS; Mr. ZIMMERMAN, Counselor; Mrs. HANNA, Deputy; Mr. WHITESEL, Deputy; Mrs. BAZER, Program Manager; CHARLES MITCHELL, Hearing Examiner,** | : : : : : : : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 31st day of May 2012, it is hereby **ORDERED** as follows:

1) Magistrate Judge Mannion's report and recommendation (Doc. 14) is **ADOPTED**;

2) Plaintiff's complaint (Doc. 1) is **DISMISSED**, without prejudice, for failure to exhaust administrative remedies; and

3) The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**